## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL DAILEY and ROBBIN DAILEY,

       Plaintiffs,

    v.

BRIDGETON LANDFILL, LLC, ROCK ROAD
INDUSTRIES, INC., REPUBLIC SERVICES,
INC., ALLIED SERVICES, LLC, and
COTTER CORPORATION (N.S.L.),

       Defendants.

Civil Case No. 4:22-cv-00116

BRIDGETON LANDFILL, LLC,

       Third-Party Plaintiff,

    v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY and
THE ST. PAUL TRAVELERS INSURANCE
CO.,

       Third-Party Defendants.

JURY TRIAL DEMANDED

## NOTICE OF REMOVAL

      Defendant Cotter Corporation (N.S.L.) ("Cotter") gives notice of removal of this action

from the Circuit Court of St. Louis County, Missouri to the United States District Court for the

Eastern District of Missouri, Eastern Division, under 28 U.S.C. §§ 1331 and 1441, 42 U.S.C.

§§ 2210, *et seq.*, and any other applicable laws.  Because removal is based on this Court's

original jurisdiction under 28 U.S.C. §§ 1331 and 1441, and 42 U.S.C. §§ 2210, *et seq.*, all

properly served and joined Defendants need not join in or consent to removal.  For purposes of

the jurisdictional requirements only, Cotter submits the following grounds for removal, expressly denies liability, and reserves its rights, including its right to file motions on the pleadings.

## INTRODUCTION

1.      Plaintiffs' suit—based on allegations that "radiological contaminants from Manhattan Project-era uranium processing wastes" and "source materials" caused their property damage—seeks liability arising from a nuclear incident under the Price-Anderson Act ("Act") and is thus subject to original jurisdiction in federal court.  Pls.' Second Amend. Compl. ¶¶ 1–7, 39, 86, attached as Ex. 1; *id.* at n.15 (citing Robert Alvarez, *The West Lake Landfill: A Radioactive Legacy of the Nuclear Arms Race* 10, Nov. 21, 2013, *available at* https://bit.ly/32xgkCC).

2.      As the Eighth Circuit recently held in related litigation against Cotter, the Price-Anderson Act "provides federal question jurisdiction over the claims against Cotter and a 'district court has no discretion to remand a claim that states a federal question.'"  *In re Cotter Corp., (N.S.L.)*, 22 F.4th 788, ___, 2022 WL 67845, at *6 (8th Cir. 2022) (citation omitted).  The Act deems any suit "resulting from a nuclear incident"—broadly defined as "any occurrence" causing bodily injury or property damage "resulting from the radioactive . . . or other hazardous properties of source, special nuclear, or byproduct material"—an action "arising under" federal law.  42 U.S.C. §§ 2014(w), (q), (hh).  Plaintiffs' allegations of property damage resulting from the radioactive properties of Manhattan Project nuclear materials plainly fall within the Act's definition of a nuclear incident lawsuit.  Pls.' Second Amend. Compl. ¶¶ 1–7, 39, 86.

3.      The Price-Anderson Act therefore establishes original jurisdiction in federal court, and Cotter has an unequivocal right to remove this action.  *In re Cotter*, 2022 WL 67845, at *6;

*Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971, 977 (8th Cir. 2018) ("Congress spoke clearly when stating such 'action shall be deemed to be an action arising under' federal law.").

## LEGAL STANDARD OF REMOVAL

4.      "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  "A statement 'short and plain' need not contain evidentiary submissions." *Id.*  "A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). Jurisdiction is only "required to be alleged plausibly in a notice of removal." *Id.*

5.      The removing party need only allege facts giving rise to federal jurisdiction unless a party seeks to remand and mounts a factual challenge to the Court's jurisdiction.  When there is a factual challenge to federal jurisdiction following removal, the removing party has the burden to establish jurisdiction by a preponderance of the evidence.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188 (1936).  If the removing party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."  *Id.*  Once the removing party has established by a preponderance of evidence that the jurisdictional prerequisites are met, the burden shifts and "remand is only appropriate if the plaintiff can establish to a legal certainty" that those prerequisites are not met.  *Bell v. Hershey Co.*, 557 F.3d 953 (8th Cir. 2009).  When a party brings a factual challenge to the Court's jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990).

The Court may "request an evidentiary hearing on the issue" and the parties may support their positions "with affidavits or other documents."  *Id.*; *see also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192 (D.C. Cir. 1992) ("In many instances it may be necessary to hold evidentiary hearings in resolving particularly complicated factual disputes rather than to rely on affidavits alone.").

<u>SUMMARY OF CASE AND GROUNDS FOR REMOVAL</u>

I.      <u>Plaintiffs' Allegations Support Removal.</u>

6.      Plaintiffs Michael and Robbin Dailey claim damage to their property resulting from "radiological contaminants from Manhattan Project-era uranium processing wastes" and "source materials" that allegedly migrated from the West Lake and Bridgeton Landfills ("Landfill").  Pls.' Second Amend. Compl. ¶¶ 1–7, 39, 86; *id.* at n.15 (citing Robert Alvarez, *The West Lake Landfill: A Radioactive Legacy of the Nuclear Arms Race* 10, Nov. 21, 2013). Specifically, Plaintiffs allege that the radioactive materials were "generated in the processing of Uranium ores in the St. Louis area" during and after World War II "in association with the Manhattan Project."  *Id.* ¶¶ 1, 3, 39.  Plaintiffs allege these "radioactive materials consist of high levels of Uranium (U-238) decay products, including Thorium (Th-230), Lead (Pb-210), and Radon (Ra-226)."  *Id.*

7.      Plaintiffs allege that they "have sustained significant damages including damages to their property and the loss of use and enjoyment thereof" from their property being contaminated with the "hazardous, toxic, carcinogenic, radioactive" wastes as a result of the uranium "ores processed in St. Louis."  *Id.* ¶¶ 3, 23.  Plaintiffs also allege that dust samples from their property "contain decay products of radioactive isotopes U-238, including Th-230, Ra-226 and Pb-210, which match the *fingerprint* (or profile) of the hazardous, toxic, carcinogenic radioactive wastes generated from the processing of uranium ore in downtown St. Louis which

4

was subsequently stored at SLAPS and Latty Avenue before being disposed of in the Landfill." *Id.* at ¶ 91.  Plaintiffs further allege they are "currently being subjected to radioactive waste contamination," which has "destroy[ed] [their property's] fair market value," and "[t]he contamination of Plaintiffs' property with radon gas and radioactive particles, and other hazardous wastes, has resulted in significant damage to the property."  *Id.* at ¶¶ 98, 99, 111. Finally, Plaintiffs seek medical monitoring because they allege they were exposed to this "tortious contamination" and "[t]he radioactive contamination of Plaintiffs' property has caused a significant increased risk to Plaintiffs."  *Id.* at ¶¶ 176, 178.

8.     Plaintiffs assert this cause of action arose when they "first learned that their property was contaminated with radioactive materials in 2016."  *Id.* at ¶ 22.  Plaintiffs purport to allege only state-law claims for trespass, temporary and permanent nuisance, negligence, negligence per se, and strict liability (*id.* at ¶¶ 100–172) and voluntarily and expressly disclaim any right to any claim under federal law (*id.* at ¶¶ 9, 13, 59).

## II.     Removal Is Timely Under the Changed Circumstances.

9.     This notice of removal is timely under 28 U.S.C. § 1446(b) because it has been filed within 30 days of Cotter's receipt on January 7, 2022 of the Eighth Circuit's decision in *In re Cotter*, 22 F.4th at 788, which unequivocally establishes Cotter's right to re-remove to federal court under the Price-Anderson Act, and because "it is not open to controversy that if, after an order to remand has been made," a "changed aspect" of a case may justify "a second application to remove."  *Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909); *see also Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Neither § 1447(c) nor anything else in the sections of the Judicial Code devoted to removal forbids successive removals").

10.     As background, Plaintiffs filed their original petition in the Circuit Court of St. Louis County, Missouri on November 15, 2016.  Plaintiffs served Cotter with their original

petition on December 14, 2016.  On January 6, 2017, Cotter timely removed this action to the

Eastern District of Missouri.  *Dailey v. Bridgeton Landfill, LLC*, No. 4:17-cv-0024-CDP (E.D.

Mo. filed on Jan. 6, 2017).

11.     Plaintiffs moved to remand, but then withdrew their motion to remand and filed a

First Amended Complaint on April 21, 2017.  The First Amended Complaint alleged a claim

under the Price-Anderson Act and state law claims.  On October 27, 2017, the Court partially

granted Defendants' motion to dismiss.  *Dailey v. Bridgeton Landfill, LLC*, 299 F. Supp. 3d 1090

(E.D. Mo. 2017).  The Court dismissed Plaintiffs' state law claims because it ruled that the Price-

Anderson Act preempted the state law claims and is "the sole avenue for recovery when a public

liability action is plead [sic]."  *Id.* at 1093–94.  The Court allowed Plaintiffs' Price-Anderson Act

claim to proceed and dismissed Plaintiffs' claims for medical monitoring and emotional distress.

*Id.* at 1094.

12.     On March 27, 2018, Plaintiffs, after substituting their counsel, filed a motion for

leave to amend the complaint, dismiss their Price-Anderson Act claims, and reinstate their state

law claims.  Mot. to Amend, ECF No. 123.  The basis of Plaintiffs' motion was the ruling in the

related case of *Strong v. Republic Servs., Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017).  Plaintiffs

argued that "[t]he *Strong* case deals with the exact same landfills and radioactive waste at issue

in this matter as well as many of the same Defendants. The *Strong* court determined that: 1) there

cannot be federal jurisdiction under the PAA without a license or an indemnity agreement; and

2) Cotter's 1969 Source Material License does not apply to Plaintiffs' claim because the license

does not cover uranium mill tailings. Based on these holdings, the *Strong* Court remanded the

case back to state court based on lack of jurisdiction."  Mot. to Amend at 3, ECF No. 123.  Based

on *Strong*, Plaintiffs requested that the Court "determine that the PAA does not apply in this

matter because Defendants do not possess an appropriate license or indemnity agreement to trigger the PAA. Plaintiffs' [sic] should be granted leave to amend their Complaint to eliminate the erroneous PAA claims and reinstate their state law claims and this Court should remand this matter back to state court based upon lack of jurisdiction." *Id.* at 5.

13.     On June 5, 2018, the Court stayed the case pending its ruling on Plaintiffs' motion in order to allow the Court time to "closely scrutinize" the conflicting district court decisions on whether Price-Anderson Act subject matter jurisdiction applied to the radiation exposure and property damage lawsuits that had been filed against Cotter arising out of Cotter's handling of Mallinckrodt's Manhattan Project radioactive materials in St. Louis County. Order Staying Case, ECF No. 149.

14.     On April 8, 2019, the Court denied Plaintiffs' motion to amend. Order Denying Mot. to Amend, ECF No. 156. The Court reasoned that because Plaintiffs' state law claims had been dismissed due to preemption by the Price-Anderson Act, allowing Plaintiffs to amend, withdraw their Price-Anderson Act claim, and reassert their state law claims would "essentially amount[] to a dismissal." *Id.* at 3. The Court gave Plaintiffs twenty days to either (1) file a motion to dismiss the federal case without prejudice, with the option of refiling their state law claims in state court, or (2) file a renewed motion for leave to amend, accompanied by the proposed amended complaint. *Id.* at 4.

15.     Plaintiffs chose the latter option and renewed their motion to amend on April 29, 2019. Mot. to Amend, ECF No. 157. The Court granted Plaintiffs leave to amend and filed Plaintiffs' Second Amended Complaint on October 22, 2019. Order Granting Leave to Amend, ECF No. 166. Plaintiffs' Second Amended Complaint expressly disavowed application of the Price-Anderson Act. Pls.' Second Amend. Compl. at ¶¶ 9, 13, 59. It alleged that "Plaintiffs do

not allege any causes of action arising under any laws of the United States," and "Plaintiffs'

claims do not fall within the scope of the Price Anderson Act." *Id.* at ¶¶ 13–14.  Plaintiffs

alleged that Defendants did not have an applicable license for the handling of the radioactive

materials at issue. *Id.*; *see also id.* at ¶¶ 15–21.

16.     Plaintiffs then moved to remand again on November 12, 2019.  Mot. to Remand,

ECF No. 174.  Cotter simultaneously moved to dismiss the case.  Mot. to Dismiss, ECF No. 175.

On November 26, 2019, the Court stayed the case pending its ruling on the motion to remand.

Order Staying Case, ECF No. 179.

17.     On March 23, 2020, the Court remanded the case to state court.  Order Granting

Mot. to Remand, ECF No. 186.  The Court noted that Plaintiffs' Second Amended Complaint

"goes to great lengths to disavow any connection to federal law, explicitly stating that the claims

are not within the scope of the PAA given defendants' lack of a required license and the absence

of an indemnification agreement, as well as the exclusion of mill tailings as covered substances

under the PAA or the Atomic Energy Act during the relevant period." *Id.* at 6.  The Court

concluded that federal jurisdiction under the Price-Anderson Act only existed if "the alleged

unlawful conduct arose from either NRC-licensed activities or a DOE contract with

indemnification." *Id.* at 9.  The Court concluded that neither prerequisite was met: "[n]one of the

defendants in this action is an indemnitee or licensee as contemplated under the PAA, and their

alleged conduct does not arise from NRC-licensed activity or under a DOE contract with

indemnification." *Id.* at 9–11. Accordingly, the Court remanded the case to state court. *Id.* at

13–14.

18.     On January 7, 2022, in a related case, the Eighth Circuit squarely addressed

federal jurisdiction under the Price-Anderson Act as it applies to claims against Cotter arising out

of its handling of Manhattan Project radioactive materials at Latty Avenue in Bridgeton, Missouri—i.e., the question at the heart of the Court's prior remand in this case. *In re Cotter*, 2022 WL 67845, at *1-6. *In re Cotter* held that the Act applies broadly to all nuclear incidents, including the Plaintiffs' allegations here against Cotter, regardless of any license or indemnity agreement, and that state substantive law applies only to the extent with consistent the Act. *Id.* at *3–4 (citing *Halbrook*, 888 F.3d at 974; *Est. of Ware v. Hosp. of the Univ. of Penn.*, 871 F.3d 273, 278–79 (3d Cir. 2017)). *In re Cotter* also explicitly rejected *Strong v. Republic Services, Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017), "and similar cases," to the extent they depart from the reasoning of *In re Cotter*. *Id.* at *6 n.2.

19.     Accordingly, this notice of removal is timely because it has been filed within 30 days of receipt by Cotter of the Eighth Circuit's decision in *In re Cotter*, which rejects the basis of this Court's prior remand order and constitutes a changed aspect of this case. *Id.*; *see also Fritzlen*, 212 U.S. at 372; *Benson*, 188 F.3d at 782. Additionally, because removal is based on this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1441, and 42 U.S.C. §§ 2210, *et seq.*, and not diversity under 28 U.S.C. §§ 1332 and 1446(b)(3), removal is allowed more than one year after commencement of the action. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 775 (8th Cir. 2014) (one-year limit "only applies to diversity jurisdiction").

## III.     <u>Venue Is Proper Under the Price-Anderson Act.</u>

20.     This Court is the proper venue for removal under 42 U.S.C. § 2210(n)(2) because Plaintiffs allege property damage arising from the radioactive materials stored, processed, and/or handled at the St. Louis Airport Site and Latty Avenue in Hazelwood, Missouri, and transferred to the West Lake Landfill in Bridgeton, Missouri. Pls.' Second Amend. Compl. ¶¶ 39–40, 48–49. Both Hazelwood and Bridgeton are part of St. Louis County, Missouri, within the jurisdiction of the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 105.

21.     The Price-Anderson Act makes clear that, "With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy.  Upon motion of the defendant or of the Commission or the Secretary, as appropriate, any such action pending in any State court . . . shall be removed or transferred to the United States district court having venue under this subsection."  42 U.S.C. § 2210(n)(2).

## IV.     Jurisdiction Exists Under the Price-Anderson Act.

### A.     Plaintiffs Assert Liability for a Nuclear Incident.

22.     As explained above, the Price-Anderson Act converts any suit asserting liability for a nuclear incident into an action arising under federal law and confers both original and removal jurisdiction of such actions on the federal district courts.  *In re Cotter*, 2022 WL 67845, at *1-6; *Halbrook*, 888 F.3d at 977.  And "nuclear incident" broadly means any "occurrence" causing bodily injury or property damage "resulting from the radioactive . . . or other hazardous properties of source, special nuclear, or byproduct material." 42 U.S.C. §§ 2014(w), (q), (hh).

23.     There can be no question that Plaintiffs' claims—arising out of an "occurrence" in which "radiological contaminants from Manhattan Project-era uranium processing wastes" and "source materials" allegedly caused property damage—constitute a nuclear incident under the Price-Anderson Act.  Pls.' Second Amend. Compl. ¶¶ 1–7, 39, 86, attached as Ex. 1; *id.* at n.15 (citing Robert Alvarez, *The West Lake Landfill: A Radioactive Legacy of the Nuclear Arms Race* 10, Nov. 21, 2013).  Indeed, the Eighth Circuit has held that the Price-Anderson Act "provides federal question jurisdiction over the claims against Cotter and a 'district court has no discretion to remand a claim that states a federal question.'"  *In re Cotter*, 2022 WL 67845, at *6.

**B.**     **The Well-Pleaded Complaint Rule Does Not Apply.**

24.     Plaintiffs cannot avoid federal jurisdiction under the well-pleaded complaint rule
(*see* Pls.' Second Amend. Compl. at ¶¶ 9, 13, 59) because the "pre-emptive force" of the Price-
Anderson Act "is so extraordinary that it converts an ordinary state common-law complaint into
on stating a federal claim." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484 n.6 (1999).

25.     Ordinarily, the well-pleaded complaint rule "makes the plaintiff the master of the
claim" and permits the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law."
*Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).  When this rule applies, an affirmative
defense of federal preemption "does not authorize removal to federal court."  *Metro. Life Ins. Co.
v. Taylor*, 481 U.S. 58, 63 (1987).  But a plaintiff "may not defeat federal subject-matter
jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's
suit is, in essence, based on federal law."  *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d
Cir. 2005); *see also Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 22 (1983) (same).  "The
artful pleading doctrine" allows courts to "read into a complaint elements that the plaintiff
omitted" and "construe the complaint as if it raised the federal claim that actually underlies the
plaintiff's suit."  *Sullivan*, 424 F.3d at 271–72 (citation omitted).

26.     Here, the artful pleading doctrine and not the well-pleaded complaint rule applies
because the Price-Anderson Act is a federal statute with "such 'extraordinary' preemptive force
that state-law claims coming within the scope of the federal statute are transformed, for
jurisdictional purposes, into federal claims." *Id.* at 272; *see also id.* n.5; *Neztsosie*, 526 U.S. at
484 n.6; *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).  When a complaint
states a claim to which such a federal statute applies, "a court is obligated to construe the
complaint as raising a federal claim and therefore 'arising under' federal law." *Sullivan*, 424 F.3d
at 272.  And unlike "ordinary preemption, also known as defensive preemption," statutes with

complete or jurisdictional preemptive effect confer original jurisdiction on district courts.  *Id.*; *see also Taylor*, 481 U.S. at 63–67.

27.     As the Supreme Court has held, the Price-Anderson Act is such a statute because the Act expressly deems nuclear incident claims as "arising under" federal law.  42 U.S.C. § 2014(hh); *Neztsosie*, 526 U.S. 473, 484 n.6 (1999); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (the Act's "unusual pre-emption provision . . . not only gives federal courts jurisdiction over tort actions arising out of nuclear accidents but also expressly provides for removal of such actions brought in state court even when they assert only state-law claims."). The Eighth Circuit has also acknowledged the completely preemptive nature of the Price-Anderson Act and resulting federal court jurisdiction.  *Halbrook*, 888 F.3d at 977; *In re Cotter*, 2022 WL 67845, at *6.

28.     Therefore, regardless of Plaintiffs' attempts to assert, deny, assert, and deny the Price-Anderson Act (Pls.' Second Amend. Compl. ¶¶ 9, 13, 59), Plaintiffs' purported claims are preempted by the Act, and Plaintiffs' claims of property damage arising from the radioactive, toxic, and hazardous properties of radioactive materials necessarily give rise to federal jurisdiction under the Act.

    **C.**    **Plaintiffs' Other Allegations Cannot Avoid the Price-Anderson Act.**

29.     Plaintiffs also cannot avoid jurisdiction by their allegations that the Price-Anderson Act does not apply because "the Landfill is not and has never been a licensed nuclear facility," "Defendants have never received a license to possess, transport, or dispose of any radioactive wastes on or in the Landfill," "Defendants have never entered into an indemnification agreement with the United States government," and "mill tailings … were not at the time subject to the Atomic Energy Act and the Price Anderson Act."   Pls.' Second Amend. Compl. at ¶¶ 14, 19.

30.     As noted above, *In re Cotter* explicitly rejected those arguments, raised by the

same counsel who represent the Plaintiffs here, and held the Price-Anderson Act provides federal

question jurisdiction over all nuclear incidents, regardless of an applicable license or indemnity

agreement.  *In re Cotter* went on to explicitly reject the decisions in *Strong* and similar cases that

accepted Plaintiffs' allegations.  *In re Cotter*, 2022 WL 67845, at *6 n.2.

31.     Moreover, Plaintiffs' own cited sources claim that "source material" is at issue

here.  Pls.' Second Amend. Compl. n.15 (citing Robert Alvarez, *The West Lake Landfill: A

Radioactive Legacy of the Nuclear Arms Race* 10, Nov. 21, 2013).  After all, the term "source

material" means "(1) uranium, thorium, or any other material which is determined by the

Commission . . . to be source material; or (2) ores containing one or more of the foregoing

materials," in concentrations set by the Nuclear Regulatory Commission ("NRC").  42 U.S.C.

§ 2014 (z).  And the term "byproduct material" means "tailings or wastes produced by the

extraction or concentration of uranium or thorium from any ore processed primarily for its source

material content."  42 U.S.C. § 2014(e)(2).

32.     Thus, despite Plaintiffs' allegations otherwise (Pls.' Second Amend. Compl.

¶¶ 14–19), Plaintiffs in fact allege "damage to property . . . arising out of or resulting from the

radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, *or*

byproduct material," which asserts a "public liability action arising out of or resulting from a

nuclear incident" under the Price-Anderson Act.  *See* 42 U.S.C. §§ 2210(n)(2), 2014(q)

(emphasis added), 2014(hh).

**D.      The Price-Anderson Act Is Plaintiffs' Exclusive Remedy.**

33.     Should this Court hold Plaintiffs to their express, repeated, and voluntary

disclaimer of any rights under the Act (as the Court previously noted), removal remains proper

even when, as here, dismissal may result because Plaintiffs "can sue under the Price-Anderson

Act, as amended, or not at all." *Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 721 (6th Cir. 2021) (quoting *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 192 (5th Cir. 2011); *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997)); *see also McClurg v. MI Holdings, Inc.*, 933 F. Supp. 2d 1179, 1186 (E.D. Mo. 2013) (same); *Matthews*, 15 F.4th at 721–22 (collecting cases) (citing *In re Berg Litig.*, 293 F.3d 1127, 1132 (9th Cir. 2002) (explaining that the Act "provide[s] the exclusive means for pursuing claims under" its provisions); *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 537 (2d Cir. 1999) (recognizing that the Act, as amended in 1988, created "an exclusive federal cause of action for radiation injury"); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1306 (11th Cir. 1998) (describing the Act as "creating an exclusive federal cause of action for radiation injury"); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1099–1100 (7th Cir. 1994) (explaining that an action arising under the Act becomes "a new federal cause of action" that "supplants the prior state cause of action"); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 854 (3d Cir. 1991) (holding that after the Act's 1988 amendments, "no state cause of action based upon public liability exists")).

34.     Additionally, this case may be consolidated under the Administrative Order Regarding Radionuclide Exposure Claims Against Mallinckrodt LLC and/or Cotter Corporation (N.S.L.) of Chief District Judge Rodney W. Sippel under the lead docket of *McClurg v. Mallinckrodt, Inc.*, No. 4:12-CV-00361-AGF (E.D. Mo. filed Feb. 28, 2012).  Chief District Judge Sippel ordered consolidation of all future cases alleging exposure to those radioactive materials "arising from production of uranium for the United States by Mallinckrodt" as allegedly released by Mallinckrodt, Cotter, or others "in the St. Louis area after 1941, including any derivative or future claims."  Thus, the plain language of the Court's order covers the alleged

nuclear incident that gives rise to the case now before this Court, and consolidation may be appropriate.

**V.   The Procedural Requirements Have Been Satisfied for Removal.**

35.   Cotter has paid the prescribed fee for a new action; filed an original notice of removal; filed a notice to Plaintiffs; filed a copy of all process, pleadings, orders, and other documents on file in St. Louis County; filed a Civil Cover Sheet, Original Filing Form, and Disclosure of Organizational Interests Certificate; and within three business days will file a proof of filing the notice of removal with the Clerk of Court for St. Louis County, Missouri.  *See* 28 U.S.C. § 1446(b)(2)(A); 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.02, 2.03.

36.   Because removal is based on this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1441, and 42 U.S.C. §§ 2210, *et seq.*, all properly served and joined Defendants need not join in or consent to removal under 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

For these reasons, Defendant Cotter Corporation (N.S.L.) gives notice of removal of this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division, under 28 U.S.C. §§ 1331 and 1441, 42 U.S.C. §§ 2210, *et seq.*, and any other applicable laws.

Dated: January 28, 2022                    Respectfully submitted,

                                           /s/ Brian O. Watson
                                           RILEY SAFER HOLMES & CANCILA LLP
                                           Brian O. Watson, #68678MO
                                           Lauren E. Jaffe, #6316795IL
                                           Jennifer Steeve, #308082CA
                                           Nacenté Seabury, #67248MO
                                           70 W. Madison St., Ste. 2900
                                           Chicago, Illinois 60602
                                           (312) 471-8700 (main)
                                           (312) 471-8701 (fax)
                                           bwatson@rshc-law.com
                                           ljaffe@rshc-law.com
                                           jsteeve@rshc-law.com
                                           nseabury@rshc-law.com
                                           docketdept@rshc-law.com

                                           SWANSON, MARTIN & BELL, LLP
                                           Marcie J. Vantine, #56860MO
                                           mvantine@smbtrials.com
                                           One Bank of America Plaza
                                           800 Market Street, Suite 2100
                                           St. Louis, MO 63101
                                           314.242.0903 (telephone)
                                           314.242.0990 (facsimile)

                                           **ATTORNEYS FOR DEFENDANT
                                           COTTER CORPORATION (N.S.L.)**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 28, 2022, these papers were served upon all counsel of record via

the Court's electronic filing system.  These papers were also served upon Plaintiffs' counsel by

email and U.S. mail at

Keane Law LLC
Ryan A. Keane
Nathan R. Carroll
Steven W. Duke
7777 Bonhomme Ave, Ste. 1600
St. Louis, MO 63105
Telephone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
nathaniel@keanelawllc.com
steve@keanelawllc.com

Cooper Law Firm, L.L.C.
Celeste Brustowicz
Victor Cobb
1525 Religious Street
New Orleans, LA 70130
Telephone: (504) 399-0009
cbrustowicz@clfnola.com
vcobb@clfnola.com

Johnson Gray LLC
Anthony D. Gray
319 North 4th Street, Suite 212
St. Louis, MO 63102
Telephone: (314) 385-9500
Fax: (314) 594-2052
agray@johnsongraylaw.com

Respectfully submitted,

*/s/ Brian O. Watson*
RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Lauren E. Jaffe, #6316795IL
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
ljaffe@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT**
**COTTER CORPORATION (N.S.L.)**