UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAILEY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BRIDGETON LANDFILL, LLC, )<br>et al., )<br>)<br>Defendants. ) | No. 4:22 CV 116 CDP |

## ORDER FOR STATUS REPORT

Plaintiffs Michael and Robbin Dailey originally filed this action in the Circuit Court of St. Louis County, Missouri, in November 2016 alleging that defendants unlawfully caused radioactive materials to be released from West Lake Landfill into the environment near their property, causing damage to their property from radioactive contamination.  Defendant Cotter Corporation (N.S.L.), a waste generator and disposer, removed the action to this Court in January 2017, invoking federal question jurisdiction under the Price-Anderson Act (PAA), 42 U.S.C. §§ 2010, *et seq.*, and the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601, *et seq*.  See *Dailey v. Bridgeton Landfill, LLC*, Case No. 4:17CV24 CDP (E.D. Mo.).  The other defendants to the action, owners and operators of the Landfill, consented to removal.  In March 2020, I remanded the case to State court, finding that the facts as alleged in the

Daileys' petition did not give rise to an action under either the PAA or CERCLA and thus that there was no federal subject-matter jurisdiction.  (*Id.* at ECF 186.)

In a separate but related cause of action, the Eighth Circuit Court of Appeals recently held that the particular facts upon which these Westlake Landfill radioactive-contamination cases are based fall with the PAA's definition of a "nuclear incident" and thus are actionable under the PAA.  *See In re Cotter Corp., (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022).[1]  Based on that decision, on January 28, 2022, Cotter Corporation again removed this action from State court, invoking federal question jurisdiction under the PAA.

A review of the State court docket sheet shows that this case appears to have grown significantly in size and scope during its pendency in that forum.  In order to properly frame the issues, discern which parties are before the Court, and determine what is necessary for this case to reach disposition, I will order the parties to file a joint report as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that not later than **March 25, 2022**, counsel for all parties shall meet, prepare, and file a joint written report setting forth:

> 1)   An agreed-upon statement of the facts and procedural history of this case, including significant actions taken in the Circuit Court of St. Louis

---

[1] Mandate issued in that action on February 18, 2022.  *In re Cotter Corp.*, Case No. 21-1165 (8th Cir. Feb. 18, 2022) (mandate); *Banks v. Cotter Corp.*, Case No. 4:20CV1227 JAR (E.D. Mo. Feb. 18, 2022) (ECF 99).

County after the case was remanded in March 2020;

2) Whether the parties have taken all necessary actions to cause the relevant portions of the record to be furnished to this Court;

3) The identity of the parties named and who presently remain pending in this action, as well as whether any named defendant (including any third-party defendant or crossclaim defendant) remains to be served with process and/or is in default;

4) The issues remaining for determination, including whether any motions are currently pending that require resolution;

5) The potential for settlement and the status, though not the content, of any offers of settlement;

6) Whether referral to Court-sponsored alternative dispute resolution could advance the ultimate resolution of this case;

7) Whether the parties request a Rule 16 scheduling conference;

8) The nature and extent of any remaining discovery needed before this case is ready to proceed to trial; and

9) When it is reasonably likely this case would be ready to proceed to trial.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2022.