# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL DAILEY and ROBBIN DAILEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00116-CDP |
| ) | |
| BRIDGETON LANDFILL, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## LANDFILL DEFENDANTS' MEMORANDUM REGARDING PLAINTIFFS' MOTION TO REMAND

Defendants Republic Services, Inc., Allied Services, LLC and Defendant/Third Party Plaintiff Bridgeton Landfill, LLC (for itself and as successor of Rock Road Industries, Inc.[1]) (collectively "Landfill Defendants"), submit this Memorandum regarding Plaintiffs' Motion to Remand (ECF No. 32).

**I.   INTRODUCTION**

Plaintiffs' Motion for Remand must be granted because of a procedural defect that dooms Defendant Cotter Corporation (N.S.L.)'s removal: the fact that, under authoritative case law from this Court and the Eighth Circuit, the *In re Cotter Corp. (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022) decision does not constitute an "order or other paper" to allow for re-removal under 28 U.S.C. § 1446(b). Because Cotter's removal was not timely under 28 U.S.C. § 1446(b), the court need not address the other substantive arguments in Plaintiffs' Motion to Remand.[2]

---

[1] Rock Road Industries, Inc. merged into Bridgeton Landfill, LLC, effective April 9, 2018.
[2] The Landfill Defendants disagree with Plaintiffs' substantive arguments in their Motion for Remand. The material at issue is "source material" under the Price-Anderson Act ("PAA"). Landfill Defendants also disagree with Cotter's "unimportant quantity" defense. The disputed "unimportant quantity" issue is not ripe for decision on this Motion to Remand.

## II.   ARGUMENT

Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In its Notice of Removal, Cotter relies on *Fritzlen v. Boatmen's Bank*, 212 U.S. 364 (1909) to support their argument that "a 'changed aspect' of a case" gives it the right to a second removal. ECF No. 1, p. 5 (citing *Fritzlen*, 212 U.S. at 372). But that case is inapposite because it did not involve a decision issued in a different case and, instead, involved a filing in the state court case that the parties argued made removable possible. *Fritzlen*, 212 U.S. at 372 ("[I]f, after an order of remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made."). Likewise, the other case Cotter relies on in its Notice of Removal involved a second notice of removal after plaintiffs revealed that they had sustained damages in excess of the federal jurisdictional amount. *See* ECF No. 1, p. 5 (citing *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999)). Neither case involved a second removal based on a decision in a different case.  Both cases relied on by Cotter included a fact, decision, or order made in the very case in which the removal occurred.

As cited in Plaintiffs' Motion for Remand, the Eighth Circuit has expressly held that a Court of Appeals decision issued in a different case was not a document sufficient to recommence the 30-day time limit for filing a notice of removal. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 970 (8th Cir. 2007). In *Dahl*, R.J. Reynolds removed the case based on diversity jurisdiction, Plaintiff sought remand, and the Court remanded the action back to state

court. *Id.* at 966. Thereafter, the Eighth Circuit issued its decision in a different case "involving claims against a cigarette manufacturer similar in nature to those alleged [in *Dahl*]" and held "it had federal officer jurisdiction over the dispute because the manufacturer had taken the challenged actions under the direction of the Federal Trade Commission (FTC) and had raised a colorable federal defense." *Id.* at 967. Based on this decision, R.J. Reynolds then attempted to remove the case again, alleging federal officer jurisdiction. *Id.* Plaintiffs again moved to remand, arguing the removal was untimely, and R.J. Reynolds responded that the court's decision in the separate Eighth Circuit case "made it clear for the first time that federal courts have jurisdiction over claims like those in [*Dahl*]…and its receipt of that opinion recommenced the thirty-day time period for removal." *Id.* The district court agreed and denied the motion to remand, but was reversed on appeal. *Id.* In reversing the denial of remand, the Eighth Circuit explained:

> The types of documents mentioned in § 1446(b) are listed in a logical sequence in the development of an individual case. In light of this context, in which the words "order or other paper" follow immediately after amended pleading and motion, it would be an unsupported stretch to interpret "order" to include a decision in a separate case with different parties.

*Id.* at 969. Indeed, the Court said, "[i]f Congress had intended new developments in the law to trigger the recommencement of the thirty-day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case." *Id.*

R.J. Reynolds argued the *Dahl* court "should expand the concept of 'order and other paper' by adopting the reasoning of two decisions by other circuits which treated judicial opinions from other cases as a basis for recommencing the thirty-day time limit." *Id.* (citing *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001) and *Doe v. Am. Red Cross*, 14 F.3d 196, 202 (3d Cir. 1993)). The Eighth Circuit distinguished *Green* and *Doe*, noting that both courts had expressly limited their holdings to the unusual circumstances presented in those cases. *Dahl*, 478 F.3d at 970. Specifically, the *Dahl* court noted that, in *Doe*, the "Supreme Court

3

decision gave American Red Cross authority to remove all cases in which it was a defendant," and, in *Green*, the case fell into the limited parameters identified in *Doe*, including that the case provided grounds to dismiss the only non-diverse defendant in an opinion involving same defendants and same causes of action. *Id.* at 970 (citing *Doe*, 14 F.3d at 202 and *Green*, 274 F.3d at 268).³ In the *Dahl* opinion, the Eighth Circuit specifically limited the holdings of *Doe* and *Green* to the circumstances of those cases, and those circumstances are not present here.

Like the Eighth Circuit, the Eastern District of Missouri in *Craft v. Philip Morris Companies, Inc.* also declined to expand the concept of "order and other paper" and distinguished *Doe*, while also expressly rejecting *Green*. No. 4:05CV01531, 2006 WL 7444415, at *7-8 (E.D. Mo. March 17, 2006). In *Craft*, Phillip Morris removed the case based on federal diversity jurisdiction, the plaintiff sought remand, and District Judge Weber remanded the action back to state court. *Id.* at *1. Thereafter, the Eighth Circuit issued a decision in a different case involving Phillip Morris and similar claims to those alleged in *Craft*, holding that federal officer jurisdiction applied. *Id.* at *2. Within thirty days of the Eighth Circuit's decision, Phillip Morris removed again based on federal officer jurisdiction. *Id.*

This Court found the second removal was not timely and remanded the case to state court. *Id.* In remanding the case, this Court noted that "[t]he majority of cases hold that a court decision in a separate case does not constitute 'other paper'" and held "based on the plain language, legislative history and cases relating to the federal removal statues, this Court finds

---

³ In addition to the distinguishable differences as noted by the Eighth Circuit in *Dahl*, the *Doe* court specified that it viewed "S.G. (the previous case involving American Red Cross) not simply as an order emanating from an unrelated action but rather as an unequivocal order directed to a party to the pending litigation, explicitly authorizing it to remove any cases it is defending." *Doe*, 14 F.3d at 202. Furthermore, *Doe* "hinge[d their] decision on the term 'order' and not on the term 'other paper.'" *Id.* An order from another court, as manifested through a court decision, is "sufficiently related to a pending case to trigger Section 1446(b) removability…when…the order in the case came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." *Id.* at 203 (emphasis added).

4

that § 1446(b) relates to 'an amended pleading, motion or other paper' in the state court case." *Id.* at \*6 and \*8 (emphasis added).

Like in *Craft*, where this Court held an Eighth Circuit decision in a related case involving similar parties does not constitute an order or other paper to recommence the 30-day time limit for removal, here, it does not matter that *In re Cotter* was a related case involving Cotter. The ruling in *In re Cotter*, while providing federal jurisdiction over all related cases under the Price-Anderson Act, does not expressly authorize Cotter to remove this case, despite the similar facts and legal issues, which would be required to serve as an "order" in this case for purposes of resetting the removal clock under §1446(b). *See Doe*, 14 F.3d at 203 (noting that the "order" allowing for re-removal "expressly authorized [American Red Cross] to remove an action against in it another case involving similar facts and legal issues"); *see also Craft*, 2016 WL 744415, at \*8 ("*Green* inexplicably expanded the holding in *Doe* to cases in which there was no explicit order. This court finds that it is necessary that there be an explicit order before the district court can make a finding about whether such order constitutes an 'order' under § 1446(b).").

Nor is the ruling in *In re Cotter* an "other paper" that would allow Cotter to re-remove this case on the same basis that it attempted removal before. *See Craft*, 2016 WL 7444415, at \*8 (rejecting *Green* even though the *Green* court allowed a defendant to re-remove on the same basis that it attempted removal before following a change in the law). Precedent set in the Eighth Circuit and this District prevent Cotter from removing this case without an explicit order or other paper under § 1446(b). Cotter cannot ignore this procedural defect; its removal remains untimely under 28 U.S.C. § 1446(b).

5

### III. CONCLUSION

The Eighth Circuit's decision in *In re Cotter Corp. (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022) does not constitute an "order or other paper" which would permit a second removal in this case under 28 U.S.C. § 1446(b)(3). While the Landfill Defendants disagree with the Plaintiffs' substantive arguments in their Motion for Remand and maintain that the material at issue is source material under the Price-Anderson Act ("PAA"), providing federal jurisdiction over this action under the PAA, Cotter's removal is untimely under 28 U.S.C. § 1446(b). As such, this case must be remanded on this basis alone.

Respectfully submitted,

Dated: April 4, 2022

By: /s/ Allyson E. Cunningham
William G. Beck        #26849 (MO)
Allyson E. Cunningham  #64802 (MO)
Attorneys for Defendants and Third-Party Plaintiff
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816.292.2000
Fax: 816.292.2001
Email: william.beck@lathropgpm.com
Email: allyson.cunningham@lathropgpm.com